IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHELLI M. HOPKINS, an individual,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**BACONE COLLEGE, an Oklahoma not-for-profit institution,**<br><br>**THE BOARD OF TRUSTEES OF BACONE COLLEGE,**<br><br>**FRANK WILLIS, an individual,**<br><br>    **Defendants.** | Case No. CIV-16-166 |

## MOTION TO DISMISS OF DEFENDANT FRANK WILLIS AND SUPPORTING BRIEF

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Frank Willis ("Defendant Willis") respectfully moves this Court to dismiss the claims of Plaintiff Shelli Hopkins ("Plaintiff") for violations(s) of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.[1] In support of his Motion, Defendant Willis submits the following:

### BRIEF IN SUPPORT

**FACTUAL BACKGROUND**

1.  Plaintiff is a former employee of Defendant Bacone College, Inc. ("Bacone College").

---

[1] Pursuant to Fed. R. Civ. P. 12(a), Defendant Willis reserves the right to file his answer to Plaintiff's remaining causes of action until after the present motion is ruled upon by the Court.

1

2. Plaintiff has sued her former employer, Bacone College, for alleged hostile environment harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), alleged age discrimination in violation of the Age Discrimination in Employment Act, as amended, ("ADEA"), alleged violations of the Equal Pay Act, and the torts of false light and intentional infliction of emotional distress.

3. Plaintiff has also joined in her lawsuit Defendant Willis, who is the President of Bacone College.

4. All of Plaintiff's causes of action, including the claims under Title VII and ADEA claims, have been brought against Defendant Willis.

## **MOTION TO DISMISS STANDARD**

Under Rule 12(b)(6), a complaint is to be dismissed if it does not contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), stated the test as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. (internal citations omitted)

In assessing a complaint's plausibility, the Court accepts as true only well-pleaded factual allegations. *Iqbal,* 556 U.S. at 679; *Peterson v. Martinez,* 707 F.3d 1197, 1206 (10th Cir. 2013). The Court need not accept conclusory allegations; instead, "'a plaintiff

2

must offer specific factual allegations to support each claim.'" *Burnett, v. Mortgage Electronic Registration Systems, Inc.,* 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011)).

## **ARGUMENTS AND AUTHORITIES**

### **No Individual Liability Exists Under Title VII or the ADEA.**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Willis respectfully moves to dismiss Plaintiff's Title VII and ADEA claims asserted against him, because liability under Title VII and the ADEA does not extend to individual supervisors. In *Haynes v. Williams*, 88 F.3d 898 (10th Cir. 1996), the Court reversed its previous decisions regarding individual liability under Title VII, and held that individual supervisors are not subject to liability under Title VII. In determining that Title VII does ***not*** apply to individual supervisors, the Court stated:

> [W]e agree with the majority view that, taken as a whole, the language and structure of amended Title VII continue to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors.

*Haynes*, 88 F.3d at 901; *See also*, *Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994), *cert. denied*, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed. 2d 491 (1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 588 (9th Cir. 1993), *cert. denied sub nom Miller v. La Rosa*, 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed. 2d 372 (1994). The court went on to state that "If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil

liability to run against individual employees." *Id* quoting *Miller*, 991 F.2d at 587-88 & n.2.

In *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736 (10th Cir. 1999), the Tenth Circuit affirmed the holding in *Haynes,* and further recognized that an individual supervisor may also not be held liable under either the ADEA or the ADA. *Butler*, 172 F.3d at 744.  *See also*, *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994), *cert. denied*, 513 U.S. 1058, 115 S. Ct. 666, 130 L. Ed. 2d 600 (1994). The court went on to state that its "position [was] consistent with the majority of federal circuit and district courts that have considered the issue of individual supervisor liability under Title VII and the ADEA." *Id. See also*, *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997) (Title VII); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir.1995) (Title VII); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir.1995) (Title VII); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir.1995) (Title VII and ADEA); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (ADEA), *cert. denied*, 513 U.S. 1058, 115 S. Ct. 666, 130 L. Ed. 2d 600 (1994); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.) (Title VII), *cert. denied*, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir.1993) (Title VII and ADEA), *cert. denied sub nom Miller v. LaRosa*, 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994).

In this case, Plaintiff has alleged claims against Defendant Willis under both Title VII and the ADEA. *See* Petition at pp. 11-14. The Tenth Circuit's decisions (as well as

4

decisions from other jurisdictions), however, are dispositive on this issue. Plaintiff cannot as a matter of law pursue her Title VII and ADEA claims against Defendant Willis. Therefore, Plaintiff cannot assert facts sufficient to support her claim for liability under these statues, and, therefore, she has failed to state a claim under Title VII and the ADEA against Defendant Willis for which relief may be granted. Defendant Willis respectfully requests that the Court dismiss with prejudice Plaintiff's claims against him for alleged violations of Title VII and the ADEA.

## CONCLUSION

WHEREFORE, Defendant Frank Willis, respectfully requests that Plaintiff's claims against him for alleged violations of Title VII and the ADEA be dismissed with prejudice, and further requests any other relief that this Court may deem just and appropriate

    Respectfully submitted,

s/*Nathaniel T. Haskins*
Elaine R. Turner, OBA #13082
Nathaniel T. Haskins, OBA #22585
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Chase Tower
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855

**ATTORNEYS FOR DEFENDANTS**

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Gary L. Richardson, OBA 7547
Charles L. Richardson, OBA 13388
Raymond S. Allred, OBA 11747
Mbilike Mwafulirwa, OBA 31164
7447 S. Lewis Ave.
Tulsa, Oklahoma 74136
(918) 492-7674(t)
(918) 493-1925(f)
glr@rrbok.com
**ATTORNEYS FOR PLAINTIFF**
**SHELLI M. HOPKINS**

s/ *Nathaniel T. Haskins*