IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHELLI M. HOPKINS, an individual,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**BACONE COLLEGE, an Oklahoma not-for-profit institution,**<br><br>**THE BOARD OF TRUSTEES OF BACONE COLLEGE,**<br><br>**FRANK WILLIS, an individual,**<br><br>    **Defendants.** | Case No. CIV-16-166 |

### MOTION TO DISMISS OF DEFENDANT THE BOARD OF TRUSTEES OF BACONE COLLEGE AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. Rule 12(b)(6), Defendant The Board of Trustees of Bacone College ("The Board of Trustees of Bacone College"), moves to dismiss Plaintiff Shelli M. Hopkins' claims against the board for failure to state a claim upon which relief may be granted. As is set out below, The Board of Trustees of Bacone College is not an entity separate and apart from the corporation which it governs, and, therefore, it does not have the capacity to be sued. In support of this argument, The Board of Trustees of Bacone College submits the following brief.

### BRIEF IN SUPPORT

### FACTUAL BACKGROUND

1.  Plaintiff is a former employee of Defendant Bacone College, Inc. ("Bacone College").

2. Plaintiff has sued her former employer for alleged hostile work environment harassment and retaliation in violation of Title VII of the Civil Rights Act, as amended, alleged age discrimination in violation of the Age Discrimination in Employment Act, as amended, alleged violations of the Equal Pay Act, and the alleged torts of false light and intentional infliction of emotional distress.

3. Plaintiff has also joined in her lawsuit Defendants, Frank Willis, President of Bacone College, and The Board of Trustees of Bacone College.

4. All of Plaintiff's causes of action have been brought against all defendants.

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a complaint is to be dismissed if it does not contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), set forth the test as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. (internal citations omitted)

In assessing a complaint's plausibility, the Court accepts as true only well-pleaded factual allegations. *Iqbal,* 556 U.S. at 679; *Peterson v. Martinez,* 707 F.3d 1197, 1206 (10th Cir. 2013). The Court need not accept conclusory allegations; instead, "'a plaintiff must offer specific factual allegations to support each claim.'" *Burnett, v. Mortgage*

*Electronic Registration Systems, Inc.,* 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011)).

**ARGUMENTS AND AUTHORITIES**

**A Board of Trustees is not an Entity that may be Sued.**

The question before this Court is whether a board of directors[1] is an entity (separate and apart from the corporation which it governs) that has the capacity to be sued. Oklahoma state and federal courts do not appear to have squarely addressed this question. However, state and federal statutes as well as courts from other jurisdictions make clear that an entity's board of directors is not a separate legal entity that may be sued. The proper entity to be sued is the corporation itself. Plaintiff has already done this in this case by suing Bacone College. Because the governing board of a corporation is not a separate legal entity, Plaintiff's claims against The Board of Trustees of Bacone College should be dismissed with prejudice.

Rule 17 of the Federal Rules of Civil Procedure governs a party's capacity to sue and to be sued. According to that rule, a corporate entity's capacity to sue and to be sued is governed "by the law under which it was organized." See Fed.R.Civ.P.17(b)(2). Similarly, a non-corporate entity's capacity to sue and be sued is governed "by the law of the state where the court is located." Fed.R.Civ.P. 17(b)(3). Bacone College is an Oklahoma non-profit corporation. See Plaintiff's Petition at ¶2. The Board of Trustees of Bacone College is not a corporate entity organized under any state, but it has been sued

---

[1] The phrases "board of directors" and "board of trustees" will be used interchangeably. The phrase "board of trustees" is commonly used by non-profit corporations, but the two phrases mean the same thing, as they both refer to the governing board of a corporation.

by Plaintiff in the United States District Court for the Eastern District of Oklahoma. Consequently, Oklahoma law governs the capacity of both Bacone College and The Board of Trustees of Bacone College, to sue and be sued.

Oklahoma law clearly provides that corporations shall have the power to "[s]ue and be sued in all courts and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding, in its corporate name." 18 O. S. § 1016. There is, however, no similar provision for a board of directors. Rather, the Oklahoma General Corporation Act only provides that a corporation "shall be managed by or under the direction of a board of directors." 18 O. S. § 1027. In this regard, Plaintiff states in her Petition, "Defendant Board of Trustees of Bacone College is the governing body of the not-for-profit Defendant college." Plaintiff's Petition at ¶3.

Notwithstanding this management authority, the Oklahoma statutes do not provide that a corporate board of directors is a separate legal entity apart from the corporation itself. *See also Jules Inc. v. Boggs,* 165 W.Va. 510, 270 S.E.2d 679, 683 (1980) ("[t]he corporate entity does not exist separate from its board of directors"). Moreover, the Oklahoma statutes also do not provide that a board of directors is an entity that may be sued.

The Northern District of West Virginia applied these principles and ruled the actions of a board and the corporation that it directs are one and the same, and, therefore, a board lacks the capacity to be sued under Fed.R.Civ.P. 17(b). *Heslep v. Americans for African Adoption, Inc.*, 890 F. Supp. 2d 671, 678-79 (N.D.W. Va. 2012); *see also Flarey v. Youngstown Osteopathic Hosp.*, 151 Ohio App.3d 92,95, 783 N.E.2d 582, 585 (2002)

("[D]ue to the nature of the body which is a board of directors, any action of the board of directors is an action of the corporation."); *Willmschen v. Trinity Lakes Improvement Ass'n*, 362 Ill.App.3d 546, 551, 298 Ill.Dec. 840, 845, 840 N.E.2d 1275, 1280–81 (2005) ("[The] belief that [a] board [of directors] is a separate entity capable of being sued is a misconception of what a board of directors is and how it functions within the corporate structure.").

Under the authority cited herein, it is clear that a board of directors/board of trustees is the governing body of a corporation, not a separate entity, and its actions are the actions of the corporation itself. It is also clear that, between the two, the only entity capable of being sued is the underlying corporation, not its board of directors.

In this case, Plaintiff has sued both Bacone College and its governing body, The Board of Trustees of Bacone College. Since The Board of Trustees of Bacone College is not a legal entity separate and apart from the college, it lacks the capacity to be sued under Fed.R.Civ.P. 17. Consequently, Plaintiff cannot plead any set of facts that would be sufficient to state a claim for relief against The Board of Trustees of Bacone College, and, therefore, the board respectfully requests that this Court dismiss with prejudice all of Plaintiff's claims asserted against the board.

## CONCLUSION

WHEREFORE, Defendant The Board of Trustees of Bacone College, respectfully requests that all of Plaintiff's claims asserted against the board be dismissed with prejudice and further requests any other relief that this Court may deem just and appropriate.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

By:  s/*Nathaniel T. Haskins*
Elaine R. Turner, OBA #13082
Nathaniel T. Haskins, OBA #22585
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Chase Tower
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Gary L. Richardson, OBA 7547
Charles L. Richardson, OBA 13388
Raymond S. Allred, OBA 11747
Mbilike Mwafulirwa, OBA 31164
7447 S. Lewis Ave.
Tulsa, Oklahoma 74136
(918) 492-7674(t)
(918) 493-1925(f)
glr@rrbok.com

s/ *Nathaniel T. Haskins*