IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELLI M. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-166-SPS |
| | ) |
| BACONE COLLEGE, THE BOARD | ) |
| OF TRUSTEES OF BACONE | ) |
| COLLEGE, and FRANK WILLIS, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This case arises out of the Plaintiff Shelli M. Hopkins's former employment at Bacone College in Muskogee, Oklahoma. The Plaintiff sued Bacone College and the Board of Trustees of Bacone College, as well as Frank Willis, an individual, in the District Court of Muskogee County, upon allegations of, *inter alia*, violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA) based on a hostile work environment, retaliation, and age discrimination. The Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331, and Defendant Willis now seeks dismissal of the Title VII and ADEA claims (Count I-III) against him. For the reasons set forth below, the Court finds that the Motion to Dismiss of Defendant Frank Willis and Supporting Brief [Docket No. 20] should be GRANTED.

The Plaintiff is a former employee of Bacone College, where she previously held the position of Assistant Vice President of Student Life and Dean of Students. Defendant Willis is the Interim President of Bacone College. In the state court Petition, the Plaintiff

has enumerated the following six causes of action, naming Defendant Willis in each: (I) Title VII Sexual Harassment (hostile working environment), (II) Title VII Sexual Harassment (retaliation), (III) ADEA (age discrimination), (IV) Equal Pay violations, (V) false light, and (VI) intentional infliction of emotional distress. *See* Docket No. 4, Ex. 1, "Petition." Defendant Willis has moved to Dismiss Counts I-III against him, arguing that liability under Title VII and the ADEA does not extend to individual supervisors.

As an initial matter, the Plaintiff has not differentiated between individual and official capacity claims with regard to Defendant Willis. Based on the substance of the pleadings and the claims asserted, the Court thus construes the claims in the Petition asserted against Defendant Willis to be asserted in both his official and individual capacity, and will address his claims as such. *See Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("[W]here the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.") (*citations omitted*). Nevertheless, the Court also notes that the Plaintiff appears to concede in her Response Brief that "[u]nder Title VII, suits against individuals must proceed in their official capacity[.]" *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). Accordingly, the Court finds that any individual-capacity claims asserted as to Defendant Willis under Title VII in Counts I and II must be dismissed.

Furthermore, official-capacity claims under Title VII are redundant where the employer has also been named. "[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents

2

of the employer *or* by naming the employer directly." *Sauers*, 1 F.3d at 1125 (*emphasis added*) (*quoting Busby v. City of Orlando*, 931 F.2d 764, 722 (11th Cir. 1991)). *See also Lewis v. Four B Corp.*, 211 Fed. Appx. 663, 665 n.2 (10th Cir. 2005) ("[S]upervisors may be named in their official capacity and/or as alter egos of the employer, but just as a means to sue the employer, and this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name."), *citing Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996), *and Sauers*, 1 F.3d at 1125. Plaintiff has admittedly pointed to no cases under Title VII allowing suit against both employer and employee in their official capacity, instead only citing case law that Title VII requires suits against individuals to proceed only in their official capacity, without further argument or explanation. But where, as here, the employer has also been named, such official-capacity claims are duplicative and should be dismissed. *See, e. g.*, *Bushy v. Medical Center of Rockies*, 2014 WL 4627277, at *2 (D. Colo. Sept. 16, 2014) ("[P]laintiff makes no attempt to show that Dr. Johar and MCR breached separate duties and the amended complaint does not allege that each defendant caused separate injuries. Rather, the claims against Dr. Johar and MCR appear to be identical. Plaintiff has failed to justify maintaining identical Title VII claims against both Dr. Johar in his official capacity and MCR."). Accordingly, Counts I and II as to Defendant Willis in his official capacity are duplicative and are hereby dismissed. *See also Thanongsinh v. Board of Education*, 462 F.3d 762, 771 n.7 (7th Cir. 2006) ("The covered entity under Title VII is the 'employer.' 42 U.S.C. § 2000e-2(a). . . . Because the claim against Mr. Javetz is a claim against his office, for which his employer, the School District, would be liable, it is

no different than his claim against the School District itself."); *Cleland v. City of Caney*, 1997 WL 49136, at *3 (D. Kan. Jan. 24, 1997) ("Although plaintiff may sue a defendant in his or her official capacity, it is duplicative for plaintiff to sue both the individual defendant and the entity. Plaintiff has sued the City of Caney directly, and, therefore, the court dismisses plaintiff's Title VII official capacity claims against the individual defendants.") (*internal citation omitted*).

These findings also hold true for the Plaintiff's Count III, pursuant to the ADEA. While the Plaintiff acknowledges in her Response that Title VII claims against individual must be in their official capacity, she insists that Tenth Circuit law allows individual-capacity claims under the ADEA, citing the Tenth Circuit's decision in *Brownlee v. Lear Siegler Management Services Corp.*, 15 F.3d 976, 978 (10th Cir. 1994) ("While a principal's *status as an employer* can be attributed to its agent to make the agent statutorily liable for *his own* age-discriminatory conduct, we know of no authority for imputing a principal's *discriminatory intent* to an agent to make the agent liable for his otherwise neutral business decisions.") (*emphasis in original*). But this argument ignores all subsequent case law on this subject matter. "*Sauers*' specific holding, that 'individual capacity suits are inappropriate,' did not preclude (or entail) *Brownlee's* incidental statements about agents generally. . . . [T]he pertinent language in *Brownlee* reflects a different agency principle that leaves *Sauers'* distinct holding about individual supervisor liability intact." *Haynes*, 88 F.3d at 900.

More recent Tenth Circuit opinions have held, "The ADA, Title VII, and the ADEA all prohibit discrimination by employers on a variety of grounds. . . . Because we

4

can discern no meaningful distinction between the definitions of 'employer' in Title VII and the ADA, our reasoning in *Haynes* dictates the outcome of this case. Accordingly . . . our position [is] consistent with the majority of federal circuit and district courts that have considered the issue of individual supervisor liability under Title VII and the ADEA[.]" *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (collecting cases). *Compare* 42 U.S.C. § 2000e(b) (Title VII definition of "employer") *with* 29 U.S.C. § 630(b) (ADEA definition of "employer"). *See also Carey v. Avis Budget Car Rental, LLC*, 2013 WL 5744754, at *4 (N.D. Okla. Oct. 23. 2013) ("The definition of 'employer' in the ADEA is similar to the definition used in Title VII. Therefore, individuals may not be held personally liable under the ADEA. Individual defendants do not qualify as 'employers' under the statutory definition and are not subject to suit under Title VII or the ADEA.") (collecting cases), *citing Butler*, 172 F.3d at 744; *L'Grke v. Asset Plus Corp.*, 2013 WL 3973330, at *4-5 (N.D. Okla. July 31, 2013) ("McGrath is correct that Title VII, the ADEA, and the ADA prohibit liability against individual supervisory employees, as they are not considered 'employers' under the respective statutes. . . . Plaintiff has not cited a single case under Title VII, the ADEA, or the ADA where a court has found an individual officer of a corporate entity to be a joint employer with his own employer. The court has likewise found no such case."), *citing Haynes*, 88 F.3d at 899; *Butler*, 172 F.3d at 744; *and Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (ADEA). Thus, the Court agrees that "[u]nder the *Haynes* rationale, individual supervisor liability is not proper under the ADEA. Further, the Tenth Circuit has favorably cited other circuit cases finding individual supervisor liability

improper under the ADEA. Further this district court has noted that the 'same principle [that individual capacity suits are inappropriate under Title VII] holds true for claims brought under the ADEA.'" *Ledbetter v. City of Topeka, Kansas*, 112 F. Supp. 2d 1239, 1244 (D. Kan. 2000) (collecting cases). *See also Allen v. CGI Management, Inc.*, 2005 WL 2429750, at *2 (W.D. Okla. Sept. 30, 2005) ("[T]he Tenth Circuit generally interprets the ADEA in tandem with Title VII because the ADEA is based in substantial part on Title VII. Because the ADEA is interpreted in tandem with Title VII, this Court finds that personal capacity suits against individual supervisors are inappropriate under the ADEA.").

Finally, the Court turns to the issue of whether the Plaintiff's official-capacity claim under the ADEA should be dismissed. As with Title VII, official-capacity claims under the ADEA against individuals as supervising agents are duplicative where the Plaintiff has named both the employer and the individual. "Under Title VII and the ADEA, suits may only proceed against employers. Accordingly, the employer can be sued directly. *Alternatively,* in cases seeking relief against an employer, individuals may be sued in their official capacities as supervising agents." *Newsome v. McKesson Corp.*, 932 F. Supp. 1339, 1342 (D. Utah 1996) (*emphasis added*). *See also Perrigo v. Unified School District No. 500*, 2014 WL 1767184, at *4 (D. Kan. May 2, 2014) ("When a plaintiff names as defendants both the employer and an employee in his or her official capacity, the claims against the employee merge with the claims against the employer. Here, Defendant Parra is simply an employee of Plaintiff's employer, Defendant School District. As such, Plaintiff's remaining claims against Defendant Parra, namely the

6

alleged ADEA violations, are merged with those filed against Defendant School District."). Because the Plaintiff has also named Bacone College as a defendant in Count III, the Count III official-capacity claim under the ADEA is likewise dismissed as duplicative.

In summary, the Motion to Dismiss of Defendant Frank Willis and Supporting Brief [Docket No. 20] is hereby GRANTED, and the Plaintiff's Counts I, II, and III against the Defendant Frank Willis are hereby DISMISSED.

**IT IS SO ORDERED** this 8th day of November, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma