# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELLI M. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-166-SPS |
| | ) |
| BACONE COLLEGE, THE BOARD | ) |
| OF TRUSTEES OF BACONE | ) |
| COLLEGE, and FRANK WILLIS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case arises out of the Plaintiff Shelli M. Hopkins's former employment at Bacone College in Muskogee, Oklahoma. The Plaintiff sued Bacone College and the Board of Trustees of Bacone College ("Board"), as well as Frank Willis, an individual, in the District Court of Muskogee County, upon allegations of, *inter alia*, violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA) based on a hostile work environment, retaliation, and age discrimination, as well as other federal and state law claims. The Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331, and Defendant Board now seeks dismissal as a non-suable entity. For the reasons set forth below, the Court finds that the Motion to Dismiss of Defendant Board of Trustees of Bacone College and Supporting Brief [Docket No. 21] should be GRANTED.

Among the parties named as Defendants in the state court Petition are both Bacone College and the Board of Trustees of Bacone College. The Plaintiff has alleged in her

Petition that Bacone College is "an Oklahoma not-for-profit educational institution," *see* Docket No. 4, Ex. 1 "Petition," p. 1, ¶ 2, and is considered an educational corporation. Rule 17 of the Federal Rules of Civil Procedure states that the "[c]apacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized[.]" Fed. R. Civ. P. 17(b)(2). The Oklahoma General Corporations Act, enacted in 1986, states that, "Every corporation created pursuant to the provisions of the Oklahoma General Corporation Act shall have power to . . . sue and be sued in all courts and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding, in its corporate name[.]" 18 Okla. Stat. § 1016. *See also Cole v. Asarco, Inc.*, 2010 WL 711195, at *6 (N.D. Okla. Feb. 24, 2010 ("To the extent th[at] businesses are corporations, then pursuant to 18 Okla. Stat. § 1016(2), the corporations must sue in their corporate name. Similarly, partnerships and limited liability companies must sue and be sued in their own name."), *citing Mainord v. Sharp*, 1977 OK CIV APP 29, ¶¶ 5-6, 569 P.2d 546, 547-548 ("Our statutes require that 'every action must be prosecuted in the name of the real party in interest[.]"), *quoting* 12 Okla. Stat. § 221 (1971); *Centra v. Chandler Ins. Co.*, 229 F.3d 1162, 2000 WL 1277672 (10th Cir. 2000) (unpublished table opinion); *and* 54 Okla. Stat. § 1-307, 18 Okla Stat. § 2003(1). Furthermore, "[t]he provisions of the Oklahoma General Corporation Act shall be applicable to every corporation, whether profit or not for profit . . . existing as of the effective date of this act or thereafter formed[.]" 18 Okla. Stat. § 1002(A). The Oklahoma statutes thus indicate that Bacone College, as an educational corporation, "may maintain and carry on any and all kids of business enterprises that an individual or corporation may lawfully carry on

under the laws of the State of Oklahoma[.]" 18 Okla. Stat. § 549. As such, Bacone College is an educational corporation organized under Oklahoma law and is an entity capable of suit, and Defendants have not challenged this.

Defendants *do assert*, however, that the Board of Trustees of Bacone College *is not* a suable entity. The Plaintiff contends that because the *Board itself* is not incorporated, it exists separately from Bacone College as an unincorporated association or something similar in kind, and that Oklahoma law therefore allows suit against the Board as an unincorporated association. In support, she references two cases involving unincorporated labor unions. *See International Brotherhood of Teamers, Chauffeurs, Warehousemen and Helpers of America, Local 516, et al. v. Santa Fe Packing Co.*, 1956 OK 237, 300 P.2d 660 *and United Brotherhood of Carpenters and Joiners of America v. McMurtrey*, 1937 OK 240, 66 P.2d 1051. These labor unions have entirely different structures and are not formed in the same way as not-for-profit educational institutions. *See* 18 Okla. Stat., Chap. 14, "Religious, Charitable and Educational Corporations." Thus, the cases presented by the Plaintiff are not analogous to the structure of a university run by a board of trustees.

Defendants acknowledge that Oklahoma courts have not directly addressed this question but analogize the structure of the Board in relation to Bacone College to be similar to the relationship of a corporation's board of directors to the corporation itself. The Court agrees that an analogy to a corporation, or to a school district's relationship to a board of education, is appropriate. *See, e. g.*, *Team Systems, International, LLC v. Haozous*, 2015 WL 2131479, at *2 (W.D. Okla. May 7, 2015) ("Plaintiff presents no

3

legal authority that would permit a suit against a corporation's board of directors as a separate, suable entity under Oklahoma law, which governs the issue. Defendants admit a lack of controlling precedent in Oklahoma but have presented legal authority from other jurisdictions to support their position. The Court's research reveals persuasive authority in the arguably analogous situation of a board of education. In Oklahoma, a board of education is the governing body of a school district . . . but the board may not sue or be sued. Thus, the court finds that Plaintiff's claim asserted against [the] board of directors should be dismissed."), *citing Primeaux v. Independent School Dist. No. 5 of Tulsa County, Okla.*, 954 F. Supp. 2d 1292, 1295 (N.D. Okla. 2012) ("Based on the language of the Oklahoma statutory scheme, the Court concludes that Oklahoma school boards are not separate, suable entities. The Court further concludes that, where an Oklahoma school districts is named as a defendant, any claims against the school board are duplicative of claims against the school district."), *and* Fed. R. Civ. P. 17(b)(3). *See also Flarey v. Youngstown Osteopathic Hospital*, 2002 – Ohio – 6899, 783 N.E. 2d 582, 584-585 ("[A] nonprofit corporation's board of directors is not an entity, separate from the corporation, that is capable of being sued. . . . The law does not consider the body known as a corporation's board of directors to be its own corporate entity. . . . Fundamentally, a corporation may act only through the acts of its agents, such as its directors, officers, or employees, but due to the nature of the body that is a board of directors, any action of the board of directors is an action of the corporation."). Accordingly, the Court agrees that, based on the language of the Oklahoma statutes, the Board is not a separate, suable entity, and the claims against the Board should be dismissed.

4

The Plaintiff has requested leave to amend her complaint in the event that dismissal is granted to the Board. However, the Court finds that amendment of the pleadings would be futile in this case as the Defendant Board is a non-suable entity. *See Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

Accordingly, IT IS ORDERED that the Motion to Dismiss of Defendant Board of Trustees of Bacone College and Supporting Brief [Docket No. 21] is hereby GRANTED. The Board of Trustees of Bacone College will be stricken from the caption, while Bacone College will remain as a Defendant herein.

**IT IS SO ORDERED** this 8th day of November, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma